**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JUDY HAGNER,**

           **Plaintiff,**

**-vs-**                                               **Case No. 6:07-cv-917-Orl-31DAB**

**STATE OF FLORIDA; SEMINOLE COUNTY;**
**SANFORD, FLORIDA; SEMINOLE COUNTY STATE**
**ATTORNEYS; PAUL GHEZZI; MR. GLENN RIED;**
**MS. MEAD; JOHN E. POLK CORRECTIONAL**
**FACILITY; DONALD ESLINGER; and C SQUAD**
**LIEUTANENT/ DEPUTY  D. STEVENS,**

           **Defendants.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **APPLICATION TO PROCEED IN FORMA PAUPERIS (Doc. No. 14)**
>
> **FILED:** **July 9, 2007**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the that the case be dismissed if Plaintiff fails to pay the required filing fee within 11 days.

    As the Court has pointed out to Plaintiff on a previous occasion[1], in order to proceed *pro se*, Plaintiff must allege a non frivolous cause of action within the limited jurisdiction of the federal courts.  Upon a party's submission of an affidavit of indigency, any court of the United States may

---

[1] *See* Doc. No. 3, 8.

authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). However, the Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless "without arguable merit." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (quoting *Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007).

The United States Supreme Court has recently held that all that is required under Federal Rule of Civil Procedure 8(a)(2) is "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus,* 550 U.S. __, __, 127 S.Ct. 2197, 2200 (2007) (citing Fed. R. Civ. P. 8(a)(2)). Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. __, __, 127 S.Ct. 1955 (2007).

Once again, Plaintiff's claims, as drafted, against Defendants Seminole County, City of Sanford, State Attorneys, John E. Polk Correctional Facility, Sheriff Eslinger and other officers, are incomprehensible. Doc. No. 13. Although Plaintiff lists headings for claims for negligence and "strip search violations" for $40 million in damages, she fails to write in coherent sentences, but instead strings together phrases (written entirely in capitals) with no punctuation whatsoever for almost thirty pages. Doc. No. 13 at 1-34. Interspersed in the typed pages are responses to Court-

issued notices and required forms. Plaintiff's Amended Complaint (Doc. No. 13) has done nothing to clarify the facts of what appears to be her alleged arrest, prosecution, or custody. She cites to various federal statutes such as 28 U.S.C. § 1491, governing the United States Court of Federal Claims (though suing exclusively state officials), and 28 U.S.C. § 1657, governing the priority of claims in federal courts. Plaintiff also cites several state statutes which, of course, do not provide this federal Court with jurisdiction. Moreover, because of the incomprehensible allegations[2] in the Amended Complaint, no cognizable cause of action is apparent.

As the Court pointed out previously, 42 U.S.C. § 1983 also does not create federal court jurisdiction; rather, it creates a legal entitlement to relief against state government authorities who allegedly violate federal law. Section 1983 creates a cause of action but does not itself bestow jurisdiction upon the district court. *Fountain v. Metropolitan Atlanta Rapid Transit Authority,* 678 F.2d 1038, 1042 (11th Cir. 1982) (citing *Hagans v. Lavine*, 415 U.S. 528, 535 (1974)); ERWIN CHEMERINSKY, FEDERAL JURISDICTION § 8.1 at 422 (1994). Plaintiff's § 1983 claim must be based on an underlying *constitutional violation*, which she has again failed to allege in any comprehensible form.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 20, 2007.

*David A. Baker*

    DAVID A. BAKER
    UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff also delves into the profane, casting aspersions on various public figures and judicial officers.

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy