# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**JUDY HAGNER,**

                **Plaintiff,**

**-vs-**                                  **Case No.  6:07-cv-917-Orl-31DAB**

**STATE OF FLORIDA; SEMINOLE COUNTY; SANFORD, FLORIDA; SEMINOLE COUNTY STATE ATTORNEYS; PAUL GHEZZI; MR. GLENN RIED; MS. MEAD; JOHN E. POLK CORRECTIONAL FACILITY; DONALD ESLINGER; and C SQUAD LIEUTENANT/ DEPUTY  D. STEVENS,**

                **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO PROCEED (Doc. No. 33)** |
| **FILED:** | **September 4, 2007** |
| _____ | |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |
| **MOTION:** | **MOTION TO DISMISS SECOND AMENDED COMPLAINT BY DEFENDANT ESLINGER (Doc. No. 36)** |
| **FILED:** | **September 6, 2007** |
| _____ | |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 3)** |
| **FILED:** | **September 12, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

| | |
|---|---|
| **MOTION:** | **MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 41)** |
| **FILED:** | **September 24, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED as moot**.

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS MOTION TO PROCEED FOR PRETRIAL WITH DISCOVERY BRIEF (Doc. No. 42)** |
| **FILED:** | **September 28, 2007** |

**THEREON** it is **ORDERED** that the motion is **DENIED as moot**.

Plaintiff filed suit against public entities and officers for claims arising from an apparent custodial arrest in Seminole County. *See* Doc. No. 25 at 46-47 (print-out referring to Seminole County Case #592004CF001728A and capias for uttering a forged check for $2,000,000). The only Defendant who has appeared, Sheriff Eslinger, moves to dismiss Plaintiff's complaint and strike Plaintiff's purported "Motion for Summary Judgment[1]." As the Court held previously in recommending denial of Plaintiff's Motions to Proceed *In Forma Pauperis*,[2] Plaintiff's claims, as drafted against Defendants

---

[1]Plaintiff's one-page Motion submits no affidavits or other discovery in support. It refers to a separate case brought against Seminole County, Case No. 6:05cv850-31KRS (involving strip searches at the John E. Polk Correctional Facility), apparently as *res judicata* that she is individually entitled to damages. To the contrary, Judge Presnell determined that Plaintiff was *not* a member of the class entitled to relief in that case. Doc. No. 89 in Case No. 6:05cv850-31KRS.

[2]*See* Doc. No. 16. This Court also recommended denial of the prior Motion to Proceed *In Forma Pauperis* because Plaintiff's Complaint was incomprehensible. Doc. No. 3. She later paid the filing fees

Seminole County, City of Sanford, State Attorneys, John E. Polk Correctional Facility, Sheriff Eslinger and other officers, are incomprehensible.   Doc. No. 13.

***Procedural History***

As Sheriff Eslinger has accurately described, the state of the pleadings in this case is "very confused" through the actions of this *pro se* Plaintiff.  When Plaintiff's first Motion to Proceed *in forma pauperis* on the original Complaint was denied, Plaintiff filed an Amended Complaint (Doc. No. 13) on July 9, 2007 with a second Motion to Proceed *in forma pauperis*.  Doc. No. 14.  Following Judge Presnell's Order denying her Motion to Proceed *in forma pauperis* and ordering her to pay the filing fees, Plaintiff filed another Amended Complaint (Doc. No. 25) which was *exactly* the same as the First Amended Complaint (Doc. No. 13)[3].  Sheriff Eslinger filed a supplement to his prior Motion to Dismiss the Amended Complaint, Plaintiff filed a Reply to it, and Judge Presnell denied the Motion to Dismiss as mooted by Plaintiff's (re)filing of her Amended Complaint, which he considered her Second Amended Complaint.  *See* Doc. Nos. 28, 30, 35.

Sheriff Eslinger then filed his Motion to Dismiss the Second Amended Complaint (Doc. No. 36), which is ripe and currently before the Court.  Plaintiff did not file any document labeled as an opposition; however, she did file a purported "Motion for Summary Judgment" (Doc. No. 38) on September 12, 2007, which Sheriff Eslinger has moved to strike.  Doc. No. 41.  On September 28, 2007, Plaintiff also filed a "motion to proceed for pretrial with discovery brief."  Doc. No. 42. Because all of Plaintiff's pleadings – the Second Amended Complaint as well as her Motion for

---

[3]Plaintiff filed a second suit in state court, which Sheriff Eslinger removed on September 12, 2007.  *See Hagner v. Seminole County*, 6:07cv1464-31UAM. Judge Presnell subsequently dismissed that complaint, finding it virtually identical to the operative complaint in this case.

Summary Judgment – suffer from the same incomprehensibility, it is respectfully **RECOMMENDED** that Sheriff Eslinger's Motion to Dismiss should be **GRANTED**.

### Standard of Review

The United States Supreme Court has recently held that all that is required under Federal Rule of Civil Procedure 8(a)(2) is "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus,* 550 U.S. __, __, 127 S.Ct. 2197, 2200 (2007) (citing Fed. R. Civ. P. 8(a)(2)).  Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. __, __, 127 S.Ct. 1955 (2007).

Sheriff Eslinger argues specifically that because the allegations against him are disjointed and incomprehensible, the Second Amended Complaint does not fairly apprise him of the grounds for suit, making it impossible for him to properly raise the defense of qualified immunity at this stage and avoid discovery.  *See Behrens v. Pelletier*, 516 U.S. 299, 306-07 (1996).  As the Court pointed out previously in considering the *identical* previously-filed Amended Complaint, Plaintiff fails to write in coherent sentences, but instead strings together phrases – written entirely in capitals – with no punctuation whatsoever for almost thirty pages.  Doc. No. 25; *see also* Doc. No. 13 at 1-34.  Plaintiff lists headings for claims of negligence and "strip search violations" for $40 million in damages, but gives no factual detail whatsoever to support the claim for any of her claims.  Interspersed in the typed pages are responses to Court-issued notices and required forms.

An example of a single paragraph from the fifty-page Second Amended Complaint is the following in verbatim form:

ISSUE ONE/CIVIL TORT GROSS NEGLIGENCE VIOLATIONS/SLANDER DEFAMATION
CAUSED BY SEMINOLE COUNTY SANFORD FL ETAL/MIXED UP GOVERNMENT FILES
USED WRONG INFORMATION TO FRAME JUDY HAGNER THE INNOCENT VICTIM ON
FRIVOLOUS PAPER CHARGE AS STATE NEVER PROVED THE CHARGE NEVER AND
NEVER PROVED NOTHING IN TWO YEARS WHILE JUDY HAGNER REMAINED IN
CUSTODY ON BOND UNABLE TO PROPERLY BOND OUT BECAUSE OF THE MIXUP
WRONG INFO IN BONDSMAN COMPUTER FILES SEMINOLE COUNTY/AS JUDGES RULED
JUDY HAGNER SANE COMPETENT IN 2004,2006,2007/JUDY HAGNER PARALEGAL FILED
DEFENSE PLEADINGS TO COURT DISPUTED DENIED EVERY PARAGRAPH OF POLICE
REPORT/DISPUTED DENIED EVERY PARAGRAPH OF OPINIONS/DISPUTED DENIED
EVERY PARAGRAPH OF PAPER CHARGE/THE FRAUD FORGERY ALLEGATION DENIED
ALLEGATION NEVER PROVEN NEVER BY STATE/THE STATE FAILED TO MEET THE
BURDEN OF PROOF IN TWO YEARS AND CONTINUE TO FRAME JUDY ON FALSE
ACCUSATIONS FALSE ALLEGATIONS OF DEFAMATION SLANDER AS JUDY HAGNER
THE INNOCENT VICTIM 60 YR OLD ELDERLY STRAIGHT SEXUAL PREFERENCE
STRAIGHT LADY STRAIGHT WOMAN FRAMED BY SEMINOLE COUNTY SANFORD
FLORIDA/

Doc. No. 25 at 6. Plaintiff's Second Amended Complaint (Doc. No. 25) fails to state any underlying facts in what appears to be Plaintiff's alleged arrest, prosecution, or custody. She cites to various federal statutes such as 28 U.S.C. § 1491, governing the United States Court of Federal Claims (though suing exclusively state officials), and 28 U.S.C. § 1657, governing the priority of claims in federal courts. Doc. No. 25 at 1-2. Plaintiff also cites several state statutes which, of course, do not provide this federal Court with jurisdiction. Moreover, because of the incomprehensible allegations[4] in the Second Amended Complaint, no cognizable cause of action is apparent.

As the Court pointed out previously, 42 U.S.C. § 1983 also does not create federal court jurisdiction; rather, it creates a legal entitlement to relief against state government authorities who allegedly violate federal law. Section 1983 creates a cause of action but does not itself bestow jurisdiction upon the district court. *Fountain v. Metropolitan Atlanta Rapid Transit Authority,* 678 F.2d 1038, 1042 (11th Cir. 1982) (citing *Hagans v. Lavine,* 415 U.S. 528, 535 (1974)); ERWIN

---

[4]Plaintiff also delves into the profane, casting aspersions on various public figures and judicial officers.

CHEMERINSKY, FEDERAL JURISDICTION § 8.1 at 422 (1994).  Plaintiff's § 1983 claim must be based on an underlying *constitutional violation*, which she has again failed to allege in any comprehensible form.

### Conclusion

Plaintiff's Second Amended Complaint, her Motion to Proceed, and her Motion for Summary Judgment are incomprehensible.  It is respectfully **RECOMMENDED** that Sheriff Eslinger's Motion to Dismiss should be **GRANTED** and Plaintiff's Motions to Proceed with Pretrial Discovery and for Summary Judgment be **DENIED** as moot.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 2, 2007.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Plaintiff Judy Hagner
Courtroom Deputy