# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**JUDY HAGNER,**

**Plaintiff,**

-vs-                                                            Case No.  6:07-cv-917-Orl-31DAB

**STATE OF FLORIDA; SEMINOLE COUNTY;
SANFORD, FLORIDA; SEMINOLE COUNTY STATE
ATTORNEYS; PAUL GHEZZI; MR. GLENN RIED;
MS. MEAD; JOHN E. POLK CORRECTIONAL
FACILITY; DONALD ESLINGER; and C SQUAD
LIEUTANENT/ DEPUTY  D. STEVENS,**

**Defendants.**
_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO WAIVE FEES AND COSTS FOR PURPOSES OF APPEAL (Doc. No. 48)** |
| **FILED:** | **October 19, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

In reviewing an application to proceed *in forma pauperis,* the Court may dismiss the case or

refuse to permit it to continue without payment of fees "if satisfied that the action is frivolous or

malicious." 28 U.S.C. § 1915(e)(2).

As this Court has previously identified, Plaintiff's claims, as drafted, against Defendants

Seminole County, City of Sanford, State Attorneys, John E. Polk Correctional Facility, Sheriff

Eslinger and other officers, are incomprehensible.   Doc. Nos. 13, 44.  On October 15, 2007, Judge

Presnell, following a *de novo* review, adopted this Court's report and recommendation to dismiss

Plaintiff's case with prejudice.  Doc. No. 46.  Plaintiff filed a notice of appeal (Doc. No. 47) and a

Motion to Proceed on Appeal Without Payment of Fees.  Doc. No. 48.

Because Plaintiff's claims are incomprehensible, as explained more fully in this Court's

Report and Recommendation, Plaintiff's Motion to Proceed  on Appeal Without Payment of Fees

should also be denied.  Although Plaintiff listed in her Amended Complaint headings for claims for

negligence and "strip search violations" for $40 million in damages, she failed to write in coherent

sentences, instead stringing together phrases (written entirely in capitals) with no punctuation

whatsoever for almost thirty pages.  Doc. No. 13 at 1-34.  Interspersed in the typed pages are

responses to Court-issued notices and required forms.  Plaintiff's Amended Complaint also did not

clarify the facts of what appears to be her alleged arrest, prosecution, or custody.  Doc. No. 13.  Her

citations to various federal statutes such as 28 U.S.C. § 1491, governing the United States Court of

Federal Claims (though suing exclusively state officials), and 28 U.S.C. § 1657, governing the priority

of claims in federal courts, did not provide this federal Court with jurisdiction.  On the whole, the

allegations[1] in the Amended Complaint were incomprehensible and no cognizable cause of action was

apparent.

Plaintiff's Notice of Appeal suffers from the same defects.  It is also not written in coherent

sentences, phrases or legal terms (written entirely in capitals) strung together with no punctuation

whatsoever.  Doc. No. 47.  One section reads:

MERIT AMENDED COMPLAINT CONTENTS MERIT CIVIL TORT 28 U.S.C. §
1491-1495  CONTRIBUTORY  GROSS  NEGLIGENCE  768.81-769.03  WITH

---

[1]Plaintiff also delves into the profane, casting aspersions on various public figures and judicial officers.

ACTIONS 320/362/360/901.211 AS DEFENDANTS CREATED NEGLIGENCE MIXED UP GOVERNMENT FILES OF WRONG OPINIONS OF SPECULATION CONJECTURE HEARSAY OF WRONG INFORMATION CAUSED IRREPARABLE HARM DEFAMATION SLANDER LIBEL BODILY HARM INJURIES ILLEGAL SEARCHES WITH MERIT CIVIL TORT 28 U.S.C. 2680 LAW ENFORCEMENT MISCONDUCT WITH TRACK TWO MERIT CASE FOR REMEDY MONEY SETTLEMENT JUDGMENT FOR JUDY HAGNER INNOCENT VICTIM PLAINTIFF ELDERLY ABUSED MISTREATED ALMOST DIED IN CUSTODY/FRAMED ON FRIVOLOUS PAPER CHARGE NO CONVICTIONS CHARGE NEVER PROVEN NEVER BY STATE ET AL/SEMINOLE COUNTY SANFORD FLORIDA STATE ET AL DEFENDANTS AT FAULT/

Doc. No. 47 (verbatim from the original).  Plaintiff cites completely inapposite federal statutes that deals with federal contract claims, congressional reference cases, unsettled officer and contractor accounts, 28 U.S.C. § 1491-1494; damages for unjust imprisonment in *federal* prison, 28 U.S.C. § 1495; and tort claim exceptions, 28 U.S.C. § 2680.  Once again, any potential § 1983 claim, which might be based on a "frivolous paper charge" or an underlying constitutional violation, is not alleged in any comprehensible form.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 22, 2007.

_David A. Baker_

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy